IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES F. BRADLEY,
    Petitioner,
    v.     Case No. 3:08-cv-285-KRG-KAP
PENNSYLVANIA BOARD OF PROBATION
AND PAROLE,
    Respondent

## Report and Recommendation

### Recommendation

Petitioner James Bradley is incarcerated at S.C.I. Houtzdale on a 5-10 year sentence imposed by the Court of Common Pleas of Philadelphia County. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254 challenging the Pennsylvania Board of Probation and Parole's denial of parole. I recommend that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and that a certificate of appealability be denied.

### Report

Petitioner alleges he was sentenced to 5-10 years for aggravated assault on May 22, 2003. Since becoming eligible for parole, petitioner has been denied parole on at least two occasions, most recently on September 25, 2008. The Board denied petitioner parole for the following reasons:

-The negative recommendation by the Department of Corrections;
-Reports, evaluations and assessments concerning your mental and behavior condition and history that reflects ongoing risk to the community
-Your need to participate in and complete additional institutional programs.

docket no. 1, Petition, Exhibit, Notice of Board Decision.

Petitioner asserts, without any supporting facts, the two legal conclusions that the Board's action violated the Eighth Amendment and Fourteenth Amendment. The Eighth Amendment claim can be disposed of on petitioner's allegation that he received his 5-10 year sentence for aggravated assault. A 10 year sentence for a felony, with eligibility for parole after 5 years, is not constitutionally excessive. In Lockyer v. Andrade, 538 U.S. 63 (2003), the Supreme Court held that while the Eighth Amendment establishes that a "gross disproportionality principle is applicable to sentences for terms of years," id. at 72, "the precise contours of [the principle] are unclear, applicable only in the 'exceedingly rare' and 'extreme' cases." Id. at 73. This is not one of those rare or extreme cases[1].

---

1. Andrade had shoplifted five videotapes worth $84.70 from one store and two weeks later shoplifted another four videotapes worth $68.84. A jury convicted him of two counts of petty theft and made a special finding that Andrade had three prior convictions for first-degree residential burglary. As a result, Andrade was sentenced under California's three strikes law to two consecutive terms of 25 years to life in prison. The Court upheld the sentence because Andrade was eligible for parole, see 538 U.S. at 74, distinguishing Andrade's case from Solem v. Helm, 463 U.S. 277, 281 (1983), in which the Court decided that the Eighth Amendment prohibited South Dakota from imposing a life sentence without possibility of parole on Helm for uttering a bad check for $100 (after six previous convictions for the nonviolent felonies of burglary, obtaining money by false pretenses, larceny, and third offense driving under the influence). Petitioner's claim is far less compelling than the one rejected in Lockyer v. Andrade, and even farther from the claim sustained in Solem v. Helm.

As for petitioner's conclusory allegation that the Board violated the Fourteenth Amendment (presumably either the Due Process Clause or the Equal Protection Clause of that amendment), the Supreme Court held, in <u>Mayle v. Felix</u>, 545 U.S. 644, 649 (2005), that specificity is required in a habeas petition:

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground.
>
> Quoting the Advisory Committee's Note on Habeas Corpus Rule 4, the Court observe:
>
> Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.

<u>Id.</u> at 656. Petitioner does not fulfill the requirements of Rule 2(c) of the Rules Governing Habeas Corpus Cases by asserting legal conclusions without any facts in support.

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(C)(2). Petitioner has failed to substantially allege the denial of a constitutional right, much less show such a denial. No certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections

3

to this Report and Recommendation. Petitioner is advised that he can amend his petition within that time, and that if he wishes to proceed he also must pay the filing fee or submit a meritorious motion to proceed in forma pauperis.

DATE: December 16, 2008

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

James E. Bradley FJ-8518
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000